All right, this case on the docket, 2-14-0265, Peter D'Amato and Kathleen D'Amato claim Mr. Collins to be Thomas J. Baumbach, et al., defendants of Cummings, arguing on behalf of David Collins, attorney Mr. John D'Amato, arguing on behalf of the attorney Baumbach, attorney Mr. Daniel M. Fish, arguing on behalf of the attorney Eugene Square Cummings, attorney Mr. Christopher E. Brown. Pardon me, Mr. D'Amato? Correct. Is it D-A-T-O-M-O? D'A-T-O-M-O. You may proceed, counsel. May it please the court, counsel. This is fundamentally a case involving statutory interpretation, and specifically we're dealing with section 22.1 of the Condominium Property Act. As the court is well aware, the primary rule to apply when engaging in statutory interpretation is to ascertain and give effect to the intent of the legislature. Now, fortunately, the Appellate Court has already examined 22.1, as well as the legislative history behind 22.1, in the McAlukey v. Barth case decided by the First District in 2004. I don't want to throw you off your stride here, but I want to ask you a special question I was looking this over. It didn't look like anyone contested our jurisdiction as to the dismissal and appeal of counts 5 and 6 against the association and the board. However, tell us why we have jurisdiction when those counts are dismissed without prejudice. 5 and 6 were initially dismissed without prejudice. I would take the position that counts 5 and 6 were then dismissed with prejudice at the time Mr. Bombeck's motion to dismiss was granted with prejudice. And moreover, even assuming they are dismissed without prejudice, the court has discretion in the interest of judicial economy to address those issues. If they have been decided by the trial court, they've been fully briefed in the Appellate Court, and those issues are likely to recur on remand. The court has discretion, as I noted, in the interest of judicial economy to address those issues. Does the trial court then confer jurisdiction on the Appellate Court? I'm saying the Appellate Court has discretion and authority to consider issues that have been decided by the trial court, fully briefed in the Appellate Court. How is it judicially economical if the trial court granted you leave to file an amended complaint, and you haven't filed an amended complaint? Are we supposed to conjure up an amended complaint to review for judicial economics? No, it would be economical for the court to address the issues that were pled in the initial complaint that the trial court addressed and decided against the plaintiffs. That would be an advisory opinion, I think is what it's called, because if you're given the opportunity to replead, then we're advising you how to replead, or at least advising you whether or not you have to replead. I think an advisory opinion is where the issue is moot or hypothetical, but where the issue is likely to recur on remand, that issue is not moot or hypothetical, because it is likely to be at issue again when the case is remanded. If the trial court believed that it was a final judgment subject to appeal, why did the trial judge say something to the effect that he used 304A language when he said it was final and appealable? Because, Judge, the outstanding issue that remained was the petition for attorney's fees that had been filed by Mr. Bombeck. That issue, and if you look at the report of proceedings, I think it's fairly clear that that was the intent of the trial court judge, that he was aware of that issue was outstanding. But clearly, if you look at the exchange between counsel and the trial judge, at the hearing on the motion to vacate, the trial judge intended for all issues to be sent up to the appellate court, excluding, of course, the petition for attorney's fees. And has there been a hearing on attorney's fees yet? There has not. That's typical of this particular trial judge. He leaves the attorney. He supposedly determines that there has been some cause of action that entitled someone to attorney's fees, decides that they're entitled to attorney's fees, but then doesn't assess them. And we're supposed to determine whether or not he abused his discretion or it's against the manifest way of the evidence when we don't even know what the amount of the judgment is. So, you know, it's getting redundant. Right. If we don't have the final order, though, even 3048 language can't confer finality on an order. If I could, just, it's not citing my brief, but the case I'm relying on is AASON, A-A-S-O-N-N, second district case, 2011, ILAP second, 101125. It's at paragraph 27. The quote is, because the parties have fully briefed the issue of whether the fraud counts were properly pleaded and the trial court already addressed it in the interest of judicial economy, we address it now. End quote. What was the site? Because I thought you said 2011, ILAP second. 2011, ILAP second, 1-0-1. 20, you said this time, right? Yes. And additionally, People v. Braden, 243, ILAP third, 671. The quote is, because the issue of the nature of the contraband has been raised and fully briefed by both parties, and because this issue is likely to resurface on remand, we will address this issue. End quote. And the issues that pertain to the association of the board were fully briefed, and I can surface on remand. By the way, I didn't want you to spend all of your time, because there are more novel important issues I think here. So why don't you continue on with your principal argument about why there's a post-closing remedy under the Act. Thank you, Judge. As I mentioned, the appellate court has already addressed 22.1, as well as the legislative history in the McAloope v. Bard case decided by the first district in 2004. And what the McAloope court told us is that the intent, the legislative intent behind 22.1 is to protect condominium purchasers from, among other things, undisposed rules, regulations, and restrictions affecting the condominium unit. Although you would concede, at least initially, that there is the Act, as I understand it, is silent as to what the violation or remedy is, correct? Yes, Judge. The statute is silent. And I would point out, this court's opinion in Beer v. Leanna Lakeside from 1999, finding an applied right of action under the Swimming Pool and Bathing Beach Act, the court remarked it was irrelevant. That's a quote, irrelevant whether there was an express provision in the statute authorizing a cause of action. That, in my view, was perhaps the biggest error the trial court made by construing silence as indicative of legislative intent to bar a cause of action. I would suggest what the trial court should have done was engage in the four-part test reaffirmed and articulated by this court just last year in the Davis v. Kiwane Hospital case, where the first inquiry is whether the plaintiffs fall within the class of persons intended to benefit from the statute. Clearly, the plaintiffs here were condominium purchasers. They fall within that class. They were second purchasers, or they were purchasers a second time over, so to speak. In other words, this wasn't the first sale. Correct. It was a resale of the condominium unit, which is what 22.1 specifically deals with. A different section, section 22, deals with the initial sale of condominium units. Second test, second prong of that test is whether the injury suffered by the plaintiffs is the type of injury the legislature sought to protect against. Clearly. Undisclosed rules, regulations, and restrictions. That's what the Mignoletti court told us. So the injury the plaintiffs suffered in this case satisfies that second element. Thirdly, whether implying a right of action is consistent with the underlying purposes of the statute. Again, I would submit clearly that prong is satisfied in this case. It was to protect condominium purchasers. So implying a right of action in this case would be consistent with the underlying purpose of the statute. Can I stop you right there? I think Mignoletti does establish there's a post-closing remedy. It says for a purchaser of a condominium unit, whether the seller fails to make the disclosure required. He's going to say, well, wait a minute. That is okay because there's a different section. But under 22, it's different here. And since you're going to have the rule of statutory construction, why didn't the legislature say that here in 22.1? So what's your answer to his next point? My answer to that point is this court is, if you look at all the cases dealing with implied remedies, the underlying theme is that we, the court, will apply a private right of action where it is necessary to give effect to the underlying intent of the legislature. I don't know why they did not specifically write in a provision in 22.1, but I do know, reviewing all the cases and analyzing them, the central theme is that it is appropriate to apply a right of action where it effectuates the underlying intent of the statute. What would be the point? The intent being to encourage the sellers to disclose for the protection of the purchasers. Is that correct? To require those disclosures for the protection of the purchasers because it is the seller who is in the unique position, has the right to request from the board the disclosures that are provided for in 22.1. And I believe McAlookie rejects the suggestion that the burden can somehow shift or be delegated to someone else. Again, the statute says twice, sellers shall obtain and shall make available. And that is consistent with the discussion in the cases. That is because the seller is a member of the association. The seller has the right to request those documents, receive those documents, and make them available. So what you're saying, in other words, too, is that the disclosure obligations in the statute would be meaningless if the seller could sit on them, not disclose, and the purchaser has no remedy. And that ties in, Judge, with our argument, the second argument, that the way the trial court interpreted 22.1 would lead to unjust, illogical, or even absurd results. McAloopie's court addresses this specific issue, I believe. That's the 1993 decision where they found and implied right of action under 22.1, even though there was no express provision, but that was in the pre-closing context because the nondisclosure was not discovered, or was discovered, I should say, prior to the closing. So it provides some guidance, but it's distinguishable on the pre-closing, post-closing remedy. Would this be a case of first impression? Has any court in Illinois ruled on this statute in terms of a post-closing remedial action? I would argue the McAloopie court tacitly recognized a post-closing remedy. As we argue in the brief, it would be meaningless for them to have reversed summary judgment and sent it back to the trial court if there was no remedy available under the Condominium Property Act. And I would further point out the claims pled there, or the exact claims pled in our case, violation of the Condominium Property Act, breach of contract, and fraud. To address your point, I mentioned the McAloopie decision. If I could just quote for a moment there, because it ties into, to use your word, meaningless. The court said, quote, to give a prospective purchaser a right to review financial statements would be meaningless. If the purchaser is left without a remedy when previously undisclosed financial conditions reveal a substantial additional financial burden on the owners of the condominium units or reveal previously undisclosed defects in the unit or building, end quote. And what the court said there is the implied remedy derives from the right to request and review 22.1 disclosure. So, again, you have that right either under 22 or 22.1, whether it's post-closing, discovered, or pre-closing, discovered. You have the right to request and review those, which the plaintiffs did in this case. So to say, to say you've got that right, but no remedy if the seller fails to comply? What remedy would you have? I'm sorry? If supposedly the information is presented prior to the closing and you can back out of the closing, then you've effectively rescinded the contract. So if you can rescind the contract prior to its execution or completion and you're claiming a right of action after the contract has been executed, then why aren't we talking rescission instead of breach of contract? Because I don't think legally you can rescind a contract that's been fully performed. Certainly. You can, I think, if you put the parties in status quo ante. If you can't, then you can't order a rescission. I would further point out that rescinding the contract would not provide adequate and adequate remedy to the plaintiffs, particularly in this case where there's monetary damages that were suffered. And if you look at the Peckland v. Dynacro case, again, second district case from 1993, another case finding an implied right of action under the Clean Indoor Air Act, what the court said there, the argument was the court should not be finding an implied right of action because there's injunctive relief and there's criminal penalties provided for in the statute. And the court said, no, we're going to find an implied right of action because those remedies, injunctive relief and criminal penalties, are not adequate to compensate the plaintiff who was unlawfully terminated for complaining about indoor smoking in the facility. And so the notion there is that we're going to give effective relief to the plaintiff. And I would suggest rescission would not be, alone, would not be an adequate remedy. Why, put another way, for fraud to have arisen, doesn't the defendant have a responsibility to disclose? The defendant, the seller? Clearly, 22.1 imposes what I describe as an affirmative, mandatory, non-delegable duty to disclose once the demand is made. So you're saying that if they intentionally do this, then it's fraud. But if they negligently do it, it's just breach of contract? We don't know yet whether it was negligent or intentional. We haven't done discovery. Well, I gave you the alternative, and you're either going to say yes, I agree with the alternative, or I don't. I suppose it's one of the – even assuming it's intentional fraud, I would argue, we've still got a violation of the statute, but we've still got a breach of contract. They're not mutually exclusive. Except if you allege and prove fraud, you're also entitled to other damages that you'd be entitled – that you wouldn't be entitled to under a breach of contract claim. So it's still germane to get an answer to my question. To answer your question, if we show intent to induce reliance, which I would argue exists, when the amended condominium declaration is concealed in a binder and handed to the plaintiff's counsel after all documents are signed at the closing, I would suggest at least that allegation, pledging a complaint, is sufficient to survive a motion to dismiss on a fraud claim. Aren't you arguing something that there's no precedent for? I would argue there is plenty of precedent for implying a right of action under the statute. What the remedies are – Well, what I'm saying is I don't think Mikulski or whatever the name of it was – it's hard for me to pronounce without actually seeing the letters – didn't come up and say that if it was intentional, it would be fraudulent. Well, again, I'm – You just said there should be a remedy. There should be a remedy, and the plaintiffs are entitled, and even at summary judgment, they reversed it. On the fraud count, did you plead any type of fiduciary or confidential relationship existed? And isn't that required? It is not required. If you look at the Connick decision from the Supreme Court,  one is a fiduciary relationship, and I forget the other one. But clearly, here, again, there was a duty under 22.1 to disclose, a mandatory affirmative duty. That duty, that affirmative duty would support a fraudulent concealment claim. Did the sound go on? Yes, it did. I'm going to have to pay more attention to that weird noise because it sounds like a bird chirping. Is that a weird noise? Yeah. Thank you. I guess I was so engrossed in your argument, I totally disregarded it. Okay. Mr. Fish? Good morning, Your Honors. Good morning. Damon Fish, on behalf of Thomas Bombeck, both as an individual and a trustee, just to advise the Court, Christopher Ralph is also an appellee here, and we're going to cut our argument at about 12 minutes and let him discuss the issues, and I think that are especially germane to his defendant as opposed to mine. What's your response to Justice Hudson's questions regarding, although maybe it should be Mr. Ralph that should address it because he represents Museum Square Condominium, and it's those counts that are questionable relative to whether or not we have jurisdiction. I believe that Mr. Ralph can give you a better answer related to the condominium issues. I'd be happy to discuss them if you'd like, though. I forgo the need for you to answer the question. Thank you, Your Honors. So what is the right to review documents worth if there's absolutely no remedy? Well, first of all, I think one of the key issues is that the appellant's argument is based on the fact that they had no idea that the defendants weren't going to provide documents pursuant to 22.1. And there's undisputed evidence in the pleadings. There's a letter from Defendant Bombeck saying, you know, we don't want to comply with 22.1 in this situation because we don't want to. For whatever reasons they had, there's a letter saying whatever demand may have been made on May 7th or May 9th, whatever demand was made, they said, you know, we don't agree with that demand. And so they were put on notice. And that correspondence was before the closing? That was a month before the closing, yes. And they said they didn't want to? And they said they didn't want to comply with 22.1. So they were on notice from the beginning. To get to the point of whether or not we have to, whether or not there's a post-closing remedy, is a long ride from the point where we say, you know, we're not going to get you these documents. So you're on notice now. But are you saying it's a kind of waiver? There's definitely a waiver because they had noticed that the seller wasn't going to provide the documents for what went to 22.1. At that point, they had every right under 22.1 to terminate the contract and get their money back. Is this a 2619 motion or is it a 2615 motion? This is a 2619 motion, Your Honor. The way the brief is written, it says state cause of action. So what did the trial court do? Did it rule as a 2615 and say there wasn't a cause of action stated? Or did it rule on your 619 motion and find that there was easily proven sets of facts that would establish an affirmative matter that would preclude judgment from being entered? I believe that the trial court did rule on a 619 motion. And the judge stated that there was no agreement to provide documents. There was no contract. There was no breach of contract. Well, if there was no agreement to provide documents, don't you think the statutory requirement would indicate that there was still a duty? Isn't that part of the contract? Doesn't the law become part of the contract? Well, the law, there is a section, section 14 of the contract, puts a time limit on the buyer. Provided by the buyer, it's important to know that the buyer is the offeror of this contract. The buyer provides this contract to the seller with the purchase price and says, we're offering this contract. One of the provisions in here is we are putting a time limitation on ourselves of five days to make any requests for 22.1 documents. Now, the alleged request that they made was made on May 7th. The five-day period was May 3rd. There was no extension of the May 3rd period for paragraph 14. There was an extension made for attorney review, which is paragraph 10, I believe, and professional inspections, which is paragraph 11. There is no extension of paragraph 14. Paragraph 14 also specifically says that that paragraph supersedes any other paragraphs. So in order to extend that paragraph, it's not enough to say we're getting an extension of different paragraphs if that is a paragraph that's superseding all other paragraphs. But that isn't what the trial court did, did it? I mean, it didn't strike the complaint and tell them that they had to plead, in addition to all the things that they previously alleged, also alleged that they filed the demand within five days. I'm sorry, can you repeat that, Your Honor? Sure. I believe your argument is that they had five days to make the demand. That's correct. Did the trial court say, I'm striking the complaint for failure to state a cause of action because you didn't allege that you made a demand within five days? The trial court made some rulings. The trial court, the order is granting our motion. I reviewed your brief, and your brief suggested that it talks in terms of failure to state a cause of action as well, that there is no post-remedy right, that there's no remedy, period. So what you're arguing seems to be somewhat extraneous. Is there some place in the record where we can examine specifically what this court or what the trial court said relative to the five-day argument? Well, the trial court did say, if I can, the trial court said that the report of proceedings on page 84, lines 9 through 12, and this was during his ruling on plaintiff's motion to vacate after the initial ruling, so acting as a motion to reconsider. The trial court, Judge Popejoy, stated that we cannot alter the statute requirement, but we can deal with timeframes. So he did say that we could deal with timeframes and when that demand must be made. Did he clearly hold that there was no post-closing remedy, though? Did he say that? He did hold that ground, yes. There was no remedy. How it got there wasn't what he articulated. He just said the statute doesn't recognize a post-closing remedy for a violation of disclosure. That's correct, yes. So by going ahead with the closing, are you saying that the purchasers waived any argument or claim with regard to the lack of accurate disclosure? In this particular case, yes, I believe that's true because they were on notice that they weren't getting cooperation under 22.1, and at that point you can say, well, you can say either I'm going to terminate the contract because I'm not sure I'm going to get everything that I'm required to get, or you can say, in this situation, they closed and now the thing's going to turn out the way they hoped it would. Now I'm going to go back and sue under 22.1 because now even though I closed with some notice about the position of the sellers, now we want to sue under 22.1. Are all statutory provisions waivable? What if somebody wants to move into a new house and there's no certificate of occupancy and they close? They can waive them? Well, that's an ordinance that's going to be enforced by the city, so the city is going to be able to enforce that. A third party is going to be able to enforce that ordinance against a purchaser. I don't think that's quite applicable in this situation. We do have the right to – we waive rights all the time. The buyers in this situation waive their homestead rights when they sign their mortgage. That's a statutory right. We're going to get into a little bit of a far field, but as you know, waiver requires a known – relinquishment of a known right. What are they waiving? If they don't know these provisions are in there, what are they waiving? Well, one, the only document that they were concerned about in this situation that was an amendment to the Condo Dex. So they were waiving – they're waiving their right to request documents from us. I'd like to bring it back to more specifics if you ask. So you've got a right under 22.1 to request documents. If you don't get those documents, yes, you can't – you can't – if you request the documents, and in this particular case, if you request the documents on time, which the Michalecki Court does point out that that person also requested their documents during the attorney review period. So that court also found it important that these documents were requested in a timely manner. If you request those documents on time and you don't get all the documents or you're not happy with the information you get, which is also what the Michalecki Court says, if you're not happy with the information you get, you have the right to terminate the contract and get your earnest waiver. So how do they specifically waive it? Because real estate contracts, having done a number of those over the years before taking the bench, can be ultra-technical. And letters go back and forth by the attorneys, you know, and they say something, so maybe they didn't follow up on something. But how did they specifically waive the right of disclosure in this case? I think it's twofold. The first being is that – is that they failed to request documents on time. Second, there is no – there is no actual letter that says we want 22.1 letters. What the allegation is, is that – is that the plaintiffs in their complaint wrote that they expressly requested documents in their complaint. This is written notice of any – written notice ellipses of any changes in the condominium documents. However, the actual letter that they wrote, which is attached as an exhibit, says, any change in the documents that is entered into after closure of the attorney review period but before closing. That's their demand on May 7th. A further letter on May 13th from the sellers stated, we decline – we do not want to – we do not accept that change. We're not going to give you any documents at risk. There is no – Why wouldn't the sellers give them the condominium declarations? They said they would – they said they would help them get whatever documents they had. My client was – lived in Wisconsin. He's elderly. His wife's got cancer. He wasn't – he wasn't down in Illinois to get the diagnosis. You could have called the attorneys and told them to turn it over. It sounds like something strange. Was the – you said that the request was made outside of the five-day period? The request was made on May 7th. Now, there was an extension of the attorney review period to May 8th. There's not an extension of 14th. But let's assume that it wasn't within the time frame. Let's say it was on May 9th. Let's say it wasn't – let's say it was – even if they made it within the time frame – I'm sorry. Let's say that if they don't make it within the time frame, then contractually, you missed your chance to request documents. Well, based upon that untimely request, did your client present any documents to the plaintiff? Mr. Bombach provided all documents at some point to the plaintiff. Then why didn't your – why isn't your client waiving waiver? My client wrote them a letter saying – In other words, if it was an untimely demand, don't you think that if you're not going to waive this issue, your client should have said, I'm sorry, the five-day time period is gone, and therefore, under this act, I don't have to provide you with anything? What – your client didn't do that. Your client presented him with some of the documents. With a letter that's part of the pleadings that says, we're not going to comply, but we will help you get whatever documents we have. We have? Well, doesn't that become then a question of fact? When did you acquire the binder? It – Because isn't that what you transferred to the buyer, which supposedly indicated for the first time – The only document apparently that was in that binder that was – that's alleged is that – is the one amendment that – In 2010, I think it was, or no? I'm sorry. In 2010, it said that you have to be a resident of the condo for a year? That's correct, which was a publicly recorded document available to the plaintiff. Yeah, but 221 doesn't require someone to go and look. It doesn't require the buyer to go and look at all public documents. Do you say you're splitting your time? Yes. Okay. Thank you. Thank you. Mr. Ralph. Good morning. Good morning. Please support counsel. Justice, I'll just respond to the question you had for Mr. Fish. A couple issues with kind of my understanding of the procedural way it went. So I filed a motion to dismiss on behalf of the Board of Directors and the Association. It was ruled out before Mr. Fish's motion to dismiss for his claims. It was dismissed without prejudice. Judge Polkjoy never put a timeframe for Mr. Dutomo to file an amendment complaint saying – I think the record was that he didn't want to put an undue or unfair timeframe upon him to file the amendment complaint. So we were just kind of hanging out there waiting for the pendency of the litigation until such time Mr. Dutomo, I suppose, decided to file an amendment complaint. But he didn't file an amendment complaint. He didn't, Judge. No. No. So how do we have jurisdiction? So the point of jurisdiction is that – and without conceding that Mr. Dutomo properly showed that – is that the Baumeck motion was dismissed with prejudice. It was disposed of the entirety of the case. The only thing left was the petition for fees, which my understanding was was more of a post-judge or a post-trial proceeding for hearing on whether or not Mr. Baumeck should get fees pursuant to the contract. After that was dismissed with prejudice, filed a notice of appeal and appealed the issues pertaining to the Association Board of Directors motion to dismiss. But if we break this down in counts, you see the problem with counts 5 and 6, do you not? Well, counts 5 and 6 contain allegations as it pertains to Mr. Baumeck and the Association Board of Directors. You know, the issue there, and I think that Judge Polk should address as well, is that the allegations as it pertained to Mr. Baumeck in both a – well, specifically in respect to the breach of fiduciary duty claims is that Mr. Baumeck didn't owe a fiduciary duty to the Dutomos until the date of the closing because Mr. Baumeck, as a member of the Board of Directors, doesn't owe a duty to anyone but him. He owes a duty to the unit owners. Correct. Not the prospective unit owners. Correct. So until such time as the Dutomos became owners in the Association, no duty was owed whatsoever. So the only allegation in the complaint post-closing was that the Board of Directors, not Mr. Baumeck, because Mr. Baumeck was no longer on the Board of Directors once the sale was confirmed, once the sale took place, was that, you know, if we were to allow him to attend a board meeting, a July 20, 2013 board meeting, was somehow a breach of the Association Board of Directors fiduciary duty owed to the Dutomos now that they're owners within the Association. So, you know, just those issues, I hope I've addressed the jurisdiction issues. I just want to address a couple other salient points. That most of the allegations contained within the complaints were pre-closing conduct, and I addressed Mr. Baumeck. Neither Mr. Baumeck nor the Board nor the Association owed a fiduciary duty. Secondly, I think Judge Boudreaux is proper in that he granted the motion to dismiss because none of the allegations contained within the four corners of the complaint rose to or stated to show that there were any damages that allegedly occurred as a result of the Board's, even assuming that it was true that the Board didn't allow his clients to attend the July 20, 2013 post-closing meeting, there's no allegation that the damages that allegedly stem from that, you know, mortgage payments, assessments, that those would have taken place as a result of the Association Board of Directors' alleged breach of fiduciary duty. Any questions? Thank you. Thank you. If I could just briefly respond. Can you touch on this waiver issue in the course of your response, please? Clearly. As Your Honor pointed out, waiver of statutory right must be knowing and intentional. What you have in this case are letters from the plaintiff's lawyers on May 7, 2013, May 16, 2013, requesting documents, requesting disclosures under 22.1. That is affirmative conduct inconsistent with an intent to waive. They're raising or attempting to raise a technicality. You did request it within the five-day period. Even assuming trial court dismissed on waiver, which I don't believe he did, but even assuming that was in play, again, it's got to be a knowing and intentional waiver. And on this record, at the motion to dismiss stage, the trial court is required to construe all those allegations and all inferences from those allegations in favor of the non-movements, the plaintiffs in this case. And again, May 7th letter, May 16th letter. And I believe counsel remarked that there wasn't an actual letter requesting 22.1 disclosures. It's in our separate appendix. The May 7th letter is at page 41, which states seller to provide customary 22.1 disclosure form. Additionally, the May 16th letter in the appendix at page 39, seller's counsel states in the letter, please advise what documents you would like to review. The response is, quote, handwritten on the letter, condo decks, bylaws, 22.1 disclosure, budget for 2013, meeting minutes for 2012 and 2013, buyer retains right to review condo docks, end quote. That was sent to them. It was sent to them with, additionally, an email transmittal. And this is not in the appendix. It's in the record, common law record 453. Seller, buyer's counsel states, attached is the buyer's reply in agreement to your modifications letter and agreement to your responses to our modifications letter. I have included therewith a request for the condo docks and reserve the right to review same, end quote. That was the email transmittal that sent the May 16th letter. So you want to talk about conduct, inconsistent with an intent to waive, they're asking specifically, expressly for these documents. And the comment that they were unnoticed, they were not getting cooperation, initially that was the case. But what I think was lost on the trial court, and I want to note and emphasize, After that exchange back and forth, on May 22nd, 2013, their seller's lawyer sent the unamended, the prior condo declaration to the plaintiff's lawyer. This is in the record, common law record 456, with an email transmittal that states, Attached, please find the declaration of condominium in regards to 131 Adelaide in Elmhurst. Except it didn't contain the updates. Correct. So the suggestion we were unnoticed, there was something amiss, or we should have done something further, here's an express representation from their lawyer, here is the condo declaration. But the problem was, it was the wrong condo declaration. So the lawyer made a mistake. Turns out the lawyer had the amended one. We got that discovery because they were named as respondents in discovery. And the response was, we never looked in the bag that was given to us. They had it. They didn't provide it until after the closing, after all documents were signed and the purchase was funded, in a binder of documents that was handed across the closing table. And point of fact, it wasn't even discovered by my client until weeks later. So they had it. There's an express representation. Here is the condo declaration. But it's the wrong one. It's the original condo declaration, which expressly permits leasing of these units. So that is, not only was there a failure to disclose, there was an express misrepresentation, I would argue. To say we are not entitled to any remedy under these circumstances, I think, is wholly inconsistent with the legislative intent behind 22.1. I would argue it violates the certain remedy clause of the Illinois Constitution. And I argue we've got a viable claim for breach of contract as well as fraud. Didn't you make an argument that you thought it listed? How's Bex? Affidavit should be stricken or not allowed. It does not comply with rule, Supreme Court Rule 191. It simply consisted of conclusory statements which basically said I wasn't on the board. And point of fact, again, we didn't get into discovering. The limited discovery we got, there's a document showing him listed as a member of the board in July 2013, which was after the closing. And again, the trial court should have construed those allegations, those inferences in favor of the plaintiffs at the motion to dismiss stage. Thank you. The case will be taken under advisement. Court is adjourned.